IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JARVIS SIM WOLFE**                                                                       **PLAINTIFF**

v.                                                     Civil Action No. 1:15-cv-13-HSO-JCG

**CHRISTOPHER EPPS et al.**                                                        **DEFENDANTS**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the 42 U.S.C. § 1983 Complaint [1] of Jarvis Sim Wolfe, a postconviction prisoner in the custody of the Mississippi Department of Corrections ("MDOC"), who is currently housed at the Southern Mississippi Correctional Facility in Leakesville, Mississippi ("SMCI").[1] Wolfe is proceeding *pro se* and *in forma pauperis.* His Complaint is based upon the allegation that Tikesha Sims, a correctional officer at SMCI, verbally abused him. Wolfe's Complaint names as defendants Sims, Christopher Epps, Johnnie Denmark, and Theresa Seabrook. Epps is the former commissioner of MDOC. Denmark is the former superintendent of SMCI, and Seabrook is a former deputy warden at SMCI.

It is the opinion of the undersigned that this case should be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2) because it is frivolous. Wolfe should be assessed a strike under 28 U.S.C. § 1915(g), which will be his second strike. *See*

---

[1]On February 28, 2012, Wolfe pleaded guilty in the Circuit Court of Marshall County, Mississippi, to one count of felon in possession of a firearm. Mem. Op. [19] at 1, *Wolfe v. King,* Civil Action No. 3:13-cv-297-MPM-SAA (N.D. Miss. Nov. 21, 2014). He was sentenced as a habitual offender to serve ten years in the custody of MDOC. *Id.* On the same day, Wolfe also entered a guilty plea to manslaughter, non-habitual (reduced from murder, habitual offender) – also in the Circuit Court of Marshall County. *Id.*

Mem. Op. [ 6] at 4, *Wolfe v. Box,* Civil Action No. 2:13-cv-40-KS-MTP (S.D. Miss. May 24, 2013).

## I. BACKGROUND

Wolfe filed this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated because he was subjected to verbal abuse, including profanity and yelling, by correctional officer Sims while Wolfe was performing work detail in the kitchen. Sims fired Wolfe from kitchen detail because Wolfe, by his own admission, "placed approximately six (6) pancakes aside (for him to eat later) before dumping the rest into the trash." Mem. [2] at 2; ARP Form [2-2] at 6, 10. According to former superintendent Denmark, the policy of MDOC is that all leftover food is thrown out. Sec. Step. Resp. [2-3] at 12. "It is not to be hidden away as a snack for later . . . ." *Id.*

Wolfe filed an administrative remedy grievance ("ARP") against Sims which was resolved against Wolfe and affirmed by the Circuit Court of Greene County, Mississippi. Order [12-3] at 1, *Wolfe v. State of Miss.,* No. 2014-203(3), Cir. Ct. of Greene Cnty. (Dec. 9, 2014). The Circuit Court found that the ARP decision "was not arbitrary or capricious, was supported by substantial evidence, was not beyond to [sic] powers of the ARP, and was not in violation of the rights of petitioner." *Id.*

Wolfe now seeks relief in this Court, requesting money damages to compensate him for anxiety, migraines, and "stressful fatigue" caused by Sims' verbal abuse during the incident over the pancakes. Mem. [2] at 3. Wolfe requests compensatory and punitive damages against all defendants, jointly and severally.

Wolfe claims that he is suing Epps "under the 'supervisor liability' doctrine" and also because Epps was "appraised [sic] of the complaint initiated against Tikesha Sims, and failed to properly respond." Resp. [12] at 3. Wolfe is suing Seabrook, who signed the administrative remedy program ("ARP") First Step Response Form, and Denmark, who signed the Second Step Response Form. Wolfe alleges that they should have focused on Sims' unprofessionalism and not Wolfe's conduct with the pancakes. Resp. [12] at 4-6; First Step Resp. [2-2] at 8; Sec. Step Resp. [2-3] at 12.

## II. DISCUSSION

A. The Prison Litigation Reform Act

The Prison Litigation Reform Action ("PLRA") requires the Court to independently review all civil cases brought by prisoners against government entities or employees. 28 U.S.C. § 1915A. The Court is directed to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

If a prisoner is proceeding *in forma pauperis*, and his complaint is dismissed on grounds that it is frivolous, malicious, or fails to state a claim, the prisoner may be assessed a strike. 28 U.S.C. § 1915(g). If a prisoner receives three strikes, he may no longer proceed *in forma pauperis* in a civil suit unless he is in imminent danger of serious physical injury. *Id.*

A claim that is frivolous lacks an arguable basis in law or fact. *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Id.*

B.      Analysis of Wolfe's Claim

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or the laws of the United States and that the person depriving the plaintiff of this right acted under color of any statute of the State. *Daniel v. Ferguson,* 839 F.2d 1124, 1128 (5th Cir. 1988). Section 1983 is a mechanism which allows a plaintiff to seek redress for the violation of his constitutional rights. "It is therefore axiomatic that where there has been no violation of a constitutional or federal statutory right, there can be no § 1983 cause of action." *Woodland v. City of Vicksburg,* No. 5:05-cv-85-DCB-JCS, 2006 WL 3375256, *2 (S.D. Miss. Nov. 21, 2006)(citing *Baker v. McCollan,* 443 U.S. 137, 140 (1979)).

Wolfe's claim based upon verbal abuse, profanity, and yelling is frivolous because it is without an arguable basis in law. "It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983." *Siglar,* 112 F.3d at 193 (citing *Bender v. Brumley,* 1 F.3d 271, 274 n.4 (5th Cir. 1993)). "[M]ere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations." *McFadden v. Lucas,* 713 F.2d 143, 146 (5th Cir.), *cert.*

*denied,* 464 U.S. 998 (1983). Under the facts as alleged by Wolfe, Sims did not violate Wolfe's constitutional or federal statutory rights.

Further, Wolfe cannot recover money damages for mental injury because he does not meet the physical injury requirement of the PLRA:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18).

42 U.S.C. § 1997e(e).

The injury required by this statute "must be more than *de minimus*, but need not be significant." *Alexander v. Tippah Co.,* 351 F.3d 626, 631 (5th Cir. 2003). Wolfe's allegation that he suffered anxiety, migraines, and "stressful fatigue" due to Sims' verbal harassment falls short of the kind of physical injury required under 42 U.S.C. § 1997e(e). *See Kossie v. Crain,* 354 F. App'x 82, 83 (5th Cir. 2009)(finding depression, anger, and headaches did not satisfy physical injury requirement); *Alexander,* 351 F.3d at 631 (concluding that nausea, which was not severe enough to warrant medical attention, was *de minimus*); *Amir-Sharif v. Dallas Co.,* No. 3:06-cv-143-K, 2006 WL 2860552, *7 (N.D. Tex. Oct. 5, 2006)(finding sleep deprivation, headaches, and weight loss *de minimus* physical injuries).

Wolfe's claims against Epps, Denmark, and Seabrook should also be dismissed because Wolfe "does not have a federally protected interest in having [his] grievances resolved to his satisfaction." *Geiger v. Jowers,* 404 F.3d 371, 374

(5th Cir. 2005). Even the failure to investigate a grievance, by itself, does not rise to the level of a constitutional violation. *Woodland v. City of Vicksburg,* No. 5:05-cv-85-DCB-JCS, 2006 WL 3375256, *3 (S.D. Miss. Nov. 21, 2006). To the extent Wolfe is suing Epps solely based upon his role as a supervisor, "[t]here is no vicarious or *respondeat superior* liability of supervisors under section 1983." *Rios v. City of Del Rio,* 444 F.3d 417, 425 (5th Cir. 2006).

### III. <u>RECOMMENDATION</u>

It is recommended that this case be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2) because it is frivolous and that Wolfe be assessed a strike under 28 U.S.C. § 1915(g).

### IV. <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties . . . . Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be

6

barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 20th day of May, 2016.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE