IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JARVIS SIM WOLFE**                                                             **PLAINTIFF**

**v.**                                           **CIVIL ACTION NO. 1:15cv13-HSO-JCG**

**CHRISTOPHER EPPS,** *et al.*                                       **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER OVERRULING PLAINTIFF'S
[41] OBJECTIONS, ADOPTING [39] REPORT AND RECOMMENDATION,
AND DISMISSING PLAINTIFF'S CLAIMS WITH PREJUDICE**

This matter is before the Court on Plaintiff Jarvis Sim Wolfe's Objections [41] to the Report and Recommendation [39] of United States Magistrate Judge John C. Gargiulo.  After thoroughly reviewing the Report and Recommendation, the record, the position of Plaintiff advanced in his Objections, and relevant legal authority, the Court finds that Plaintiff's Objections [41] should be overruled, and that the Magistrate Judge's Report and Recommendation [39] should be adopted as the finding of the Court.  Plaintiff's claims should be dismissed with prejudice as frivolous, and Plaintiff will be assessed a strike pursuant to 28 U.S.C. § 1915(g).

I. BACKGROUND

Plaintiff Jarvis Sim Wolfe ("Plaintiff") is incarcerated at the South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi.  Plaintiff worked as a "Pots and Pans Sanitizer" in his assigned work detail at SMCI.  Compl. [1] at 4.  According to Plaintiff, on July 1, 2014, he was "removed from his work detail by Correctional Officer Tikesha Sims, in an unprofessional manner and as a

form of harassment . . . ." Mem. in Supp. of Compl. [2] at 1-2.  Plaintiff alleges that he was

> clearing the storage cooler of all leftover food (by dumping same), then cleaning and stowing all dirty pots and pans.  Officer Sims observed Plaintiff placed [sic] approximately six (6) pancakes aside (for him to eat later) before dumping the rest into the trash.  For some reason, Officer Sims started yelling and cursing at Plaintiff, exclaiming that 'she did not say he could have any pancakes' and while still verbally abusing Plaintiff with extreme obscene profanity, told Plaintiff to leave the kitchen and return to his housing unit.

*Id.* at 2.

"On July 8, 2014, Plaintiff filed a complaint with the SMCI Administrative Remedy Program [ARP No. SMCI-14-1492] as to the unprofessional and harassing conduct of Officer Sims." *Id.*  Plaintiff maintains that "[n]o timely disposition was forthcoming in the administrative remedy process." *Id.*  On November 5, 2014, Plaintiff filed a Motion for Judicial Review in the Circuit Court of Greene County, Mississippi, and "the ARP was closed on November 6, 2014 – after Plaintiff filed [the] Motion." *Id.*  The Circuit Court denied Plaintiff's Motion for Judicial Review on December 9, 2014, *id.*, and affirmed the ARP, Compl. [1] at 1.

Plaintiff filed a Complaint [1] in this Court on January 14, 2015, pursuant to 42 U.S.C. § 1983.  *Id.*  In addition to Officer Sims, Plaintiff named as Defendants Christopher Epps, former Commissioner of the Mississippi Department of Corrections ("Epps"); Johnnie Denmark, the former superintendent of SMCI ("Denmark"); and Theresa Seabrook, a former deputy warden at SMCI ("Seabrook").

*Id*. at 2.[1]  Plaintiff's claims stem from the purported "unprofessional conduct" of Officer Sims on July 1, 2014.  Resp. [12] at 6.

Plaintiff alleges that on that date, he was "subjected to 'verbal abuse' (harassment), Correctional Officer Tikesha Sims, while performing [his] assigned work detail . . . ."  Compl. [1] at 4.  Plaintiff's claim against Officer Sims focuses on her alleged "unprofessional" conduct and "harassment" of Plaintiff.  Resp. [12] at 6.  "Plaintiff avers that Officer Sims' verbal abuse caused him mental and emotional anxiety, resulting in migraine headaches and stressful fatigue."  Mem. in Supp. of Compl. [2] at 3.

As for the remaining Defendants, Plaintiff charges that "Epps was appraised [sic] of the complaint initiated against Tikesha Sims, and failed to properly respond to the same, making him liable in this action under 'supervisor liability' doctrine."  Resp. [12] at 3.  Plaintiff alleges that Denmark "improperly characterized Plaintiff's ARP Complaint" and "improperly closed the ARP complaint without investigating the nature of Plaintiff's ARP complaint . . . ."  *Id*. at 5.  Plaintiff appears to assert that Seabrook misconstrued his ARP complaint and "ha[d] no idea of the facts of the ARP complaint."  *Id*.

On May 20, 2016, the Magistrate Judge entered a Report and Recommendation [39] on Plaintiff's Complaint.  The Magistrate Judge determined that verbal abuse by a prison guard does not give rise to a cause of action under §

---

[1] Plaintiff also named Rick McCarty as a Defendant, but subsequently filed a request to dismiss Rick McCarty, which the Court granted on June 9, 2015.  *See* Order [13] at 1.

1983 and that threatening language and gestures do not amount to a constitutional violation. R. & R. [39] at 4 (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983)). The Magistrate Judge also determined that Wolfe cannot recover money damages for mental injury because he fails to meet the physical injury requirement of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, *et seq*. *Id*. at 5 (citing 42 U.S.C. § 1997e(e)).

The Magistrate Judge also found that Plaintiff's claims against Epps, Denmark, and Seabrook should be dismissed because Plaintiff does not have a federally protected interest in having his grievances resolved to his satisfaction and because the failure to investigate a grievance, by itself, does not rise to the level of a constitutional violation. *Id*. at 5-6 (citing *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005); *Woodland v. City of Vicksburg*, No. 5:05-cv-85-DCB-JCS, 2006 WL 3375256, *3 (S.D. Miss. Nov. 21, 2006)). The Magistrate Judge recommended that this case be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2) and that Plaintiff be assessed a strike under 28 U.S.C. § 1915(g). *Id*. at 6.

On June 2, 2016, Plaintiff filed Objections [41] to the Magistrate Judge's Report and Recommendation. Plaintiff reiterates his claims, asserting that Officer Sims "subjected him to cruel and unusual treatment, by excessively yelling and cursing (use of profanity) at him . . . ." Objs. [41] at 3. Despite his requests for "a full investigation of Officer Sims' unprofessionalism" and for her to be reprimanded, "no internal investigation was conducted, and Officers Sims' unprofessional conduct

was never addressed." *Id.* According to Plaintiff, "[t]his amounted to the mishandling of the requests for administrative remedy filed by Plaintiff." *Id.*

Plaintiff asserts that Epps and Seabrook are liable as policymakers and that Denmark "is liable because he remained idle (doing nothing) as to Officer Sims violating Plaintiff's Eighth Amendment constitutional rights . . . ." *Id.* at 4-5. Plaintiff contends that "he is entitled to the requested monetary damages, in absence of any physical injuries suffered by him," *id.* at 6, and that the Court should reject the Magistrate Judge's recommendation and allow this action "to proceed to the next phase," *id.* at 9.

## II.  DISCUSSION

A.  Standard of review

Because Plaintiff has filed written Objections [41] to the Magistrate Judge's Report and Recommendation [39], the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Such review means that this Court will examine the entire record and will make an independent assessment of the law." *Lambert v. Denmark,* Civil No. 2:12-cv-74-KS-MTP, 2013 WL 786356, *1 (S.D. Miss. Mar. 1, 2013). In conducting a de novo review, the Court is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

B.      The Report and Recommendation should be adopted as the finding of the Court.

Having conducted a de novo review of the record, the Court agrees with the conclusion reached by the Magistrate Judge that Plaintiff's claims are frivolous and should be dismissed with prejudice.  "It is axiomatic that a plaintiff who files suit under 42 U.S.C. § 1983 may recover only if he proves a constitutional violation." *Lewis v. Woods*, 848 F.2d 649, 652 (5th Cir. 1988).  Even assuming all of Plaintiff's allegations are true, his complaints about Officer Sims' verbal abuse and "unprofessionalism," and the other officers' alleged misconstruing, failing to investigate, or mishandling of his ARP, are each insufficient to demonstrate a constitutional violation.  "Mere allegations of verbal abuse do not present actionable claims under § 1983," and "[a]s a rule, mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation." *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993) (quotation omitted).  Nor does Plaintiff have "a federally protected liberty interest in having these grievances resolved to his satisfaction." *Geiger*, 404 F.3d at 374.  "As [Plaintiff] relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." *Id.*

Moreover, Plaintiff does not assert that he suffered any physical injury, but nevertheless argues in his Objections that he "is entitled to the requested monetary damages, in absence of any physical injuries suffered by him." Objs. [41] at 6.  The PLRA provides that

> [n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . .

42 U.S.C. § 1997e(e). Nor has Plaintiff alleged any facts which would implicate supervisory liability as to Defendants Epps, Denmark, and Seabrook. "A Section 1983 claimant must 'establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation.'" *Jones v. Lowndes Cty., Miss.*, 678 F.3d 344, 349 (5th Cir. 2012) (quoting *James v. Tex. Collin Cty.*, 535 F.3d 365, 373 (5th Cir. 2008)).

The Court concludes that Plaintiff's claims lack an arguable basis in law. The Court will therefore adopt the Magistrate Judge's Report and Recommendation and will overrule Plaintiff's Objections. Plaintiff's claims should be dismissed with prejudice as frivolous, and Plaintiff will be assessed a strike pursuant to 28 U.S.C. § 1915(g).

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff Jarvis Sim Wolfe's Objections [41] to the Report and Recommendation [39] of United States Magistrate Judge John C. Gargiulo are **OVERRULED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Magistrate Judge's Report and Recommendation [39] is **ADOPTED** as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff's claims are **DISMISSED WITH PREJUDICE** as frivolous, and Plaintiff is assessed a strike pursuant to 28 U.S.C. § 1915(g).

**SO ORDERED AND ADJUDGED**, this the 27th day of June, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE